UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
FRANKLIN GRULLON,

       Plaintiff,

  - against -

JOHN ASHCROFT, Attorney General
of the United States; EDWARD
AGUIRRE, JR., Commissioner of
Immigration and Naturalization
Service; EDWARD MCELROY, New
York District Director of INS;
IMMIGRATION AND NATURALIZATION
SERVICE; AND UNITED STATES
DEPARTMENT OF JUSTICE

       Defendants.

--------------------------------X

MEMORANDUM AND ORDER

Civil Action Nos.
03-CV-4896 (DGT)
03-CV-5179 (DGT)

TRAGER, District Judge:

    Petitioner Franklin Grullon ("Grullon" or "petitioner") moves under Federal Rule of Civil Procedure ("FRCP") 59(e) for reconsideration of the August 9, 2005 order ("August 9th order") dismissing a series of petitions Grullon brought for writs of habeas corpus. Familiarity with the August 9th order is assumed.

**Background**

    Petitioner's motion cites to several cases providing the standard under which a motion for reconsideration should be considered. (Petitioner's Motion to Reconsider, *6). Despite the fact that petitioner states he is moving under FRCP Rule

-1-

59(e), several of the cases he cites to as providing a standard for reconsideration are actually cases discussing Local Civil Rule 6.3.  <u>Id.</u>  Petitioner filed his motion for reconsideration on August 17, 2005, clearly within the 10 day window allowable for filing under both FRCP Rule 59(e) and Local Civil Rule 6.3.  As a result, petitioner's motion will be considered under both Rule 59(e) and Local Civil Rule 6.3.

FRCP Rule 59(e) does not provide a specific standard or grounds for granting a motion to alter or amend a judgment.  However, the Second Circuit last year chose to follow the standard adopted by several other circuits and stated that "district courts may alter or amend judgment 'to correct a clear error of law or prevent manifest injustice.'"  <u>Munafo v. Metropolitan Transp. Authority</u>, 381 F.3d 99, 105 (2d Cir. 2004) (internal citation omitted).

Local Civil Rule 6.3 requires the moving party to show "matters or controlling decisions which . . . the court has overlooked."  Local Civil Rule 6.3 (formerly Local Civil Rule 3(j)).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

This high burden is necessary "to dissuade repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. V. E.I. DuPont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985). The decision to grant a motion for reconsideration under Rule 59(e) or Local Civil Rule 6.3 is left within the sound discretion of the district court. Devlin v. Transp. Commc'ns Intern. Union, 175 F.3d 121, 132 (2d. Cir. 1999).

## Discussion

### (1)

### The Third Petition

The August 9th order dismissed the third petition due to the fact that petitioner could "not challenge his detention during the pendency of the administrative proceedings." Grullon v. Ashcroft, No. 03-cv-4896, at 5 (E.D.N.Y. August 9, 2005). The order distinguished Zadvydas v. Davis, 533 U.S. 678 (2001), on the grounds that Zadvydas only placed a time limit on detentions after a removal proceeding is completed. In the present situation, petitioner's detention is part of an ongoing removal proceeding and therefore not subject to the limitation imposed in Zadvydas. Grullon, No. 03-cv-4896, at 6.

In his motion for reconsideration, the petitioner does not present any new evidence showing that his proceedings are in fact complete. In his motion, petitioner simply takes issue with the

interpretation given to the Zadvydas decision.  However, in support of his argument, petitioner misinterprets the cases he cites.  Petitioner's claims do not rise to the level of "clear error[s] of law."  Munafo, 381 F.3d at 105.  Since petitioner does not present any new law or facts, petitioner's motion to reconsider the dismissal of his third petition is denied.

**(2)**

**The § 2241 Portion of the Fourth Petition**

As to the § 2241 Portion of the Fourth Petition, the August 9th order dismissed that petition due to its inappropriate timing.  Any due process claim raised by petitioner in the fourth petition arising out of the prior IJ proceedings is "moot in light of the prior orders vacating those proceedings."  Grullon, No. 03-cv-4896, at 6.  Additionally, any due process claims arising from proceedings that are still pending before the immigration court are premature because the claims must first be fully explored in the administrative proceedings before any judicial review can be sought.

In his motion for reconsideration the petitioner again does not provide new law or evidence that was overlooked; instead he simply disagrees with the reasoning of the August 9th order.  These disagreements do not show that any clear error was committed or present any new facts, which would "alter the conclusion" reached in the August 9th order.  Petitioner's only

arguments are repetitive as to issues already considered. Therefore, petitioner's motion for reconsideration as to his fourth petition is denied.

## Conclusion

Because no appropriate grounds for relief have been presented, the motion for reconsideration is denied in its entirety.

Dated: Brooklyn, New York
      September 07, 2005

                                  SO ORDERED:

                                  _____/s/_____
                                  David G. Trager
                                  United Stated District Judge